

June 21, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2024
```

**Jeremy E. Deutsch**

Direct Phone   212-453-3955
Direct Fax        646-880-3653
jdeutsch@cozen.com

The Honorable Valerie Caproni, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:  KSFB Management LLC v. Galway Holdings, LP, No. 1:24-CV-04424-VEC/KHP,
Letter Motion to Seal Exhibit D of Declaration of Jeremy E. Deutsch in Support of
Defendant's Motion to Dismiss Plaintiff's Complaint

Dear Judge Caproni:

We represent Defendant, Galway Holdings, LP ("Galway"), in the above-referenced action. Per Rule 5(B)(III)(a) of Your Honor's Individual Practices, Galway submits this letter motion to request permission to file under seal Exhibit D of the Declaration of Jeremy E. Deutsch In Support of Defendant Galway's Motion to Dismiss Plaintiff's Complaint. Galway believes that this document contains information that Plaintiff KFB Management, LLC ("KSFB") perceives contains confidential business information that should not be made public.

## Legal Standard

The Second Circuit has a three-step process to determine whether there is good cause for a document to be filed under seal. *Awestruck Mktg. Group, LLC v. Black Ops Productions, LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). First, the Court considers whether the document is a "judicial document," meaning "relevant to the performance of the judicial function and useful in the judicial process." *Id.* If the document is a "judicial document," then there is a presumption of open record that attaches and "the Court must determine the weight of this presumption." *Id.* Finally, the Court balances competing considerations. *Id.*

## Argument

As set forth in Galway's Motion to Dismiss, KSFB and/or its affiliates provided Galway with a single PowerPoint presentation in late 2022 when the parties were considering a potential transaction. The PowerPoint contains certain high-level financial and other information related to

The Honorable Valerie Caproni, U.S.D.J.
June 21, 2024
Page 2

_____

KSFB's affiliate, NKSFB.  KSFB alleges in the Complaint that the PowerPoint presentation contains confidential business information and/or trade secret information that is subject to the parties' Non-Disclosure Agreement.

Galway recognizes that a Non-Disclosure Agreement does not alone present a valid basis to overcome the presumption in favor of open access to judicial documents.  However, assuming the truth of KSFB's allegations that the PowerPoint presentation contains confidential or trade secret information, then there is substantial weight against the presumption of making the document public.  *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's determination that a party's interest in protecting confidential business information outweighed the presumption of public access).  "Such business information need not be a 'true' trade secret in order to warrant protection from disclosure." *Nielson Consumer LLC v. Circana Group, L.P.*, 2024 WL 964598, at *2 (S.D.N.Y. Mar. 6, 2024).

To balance the presumption of public access with the foregoing, Galway only seeks to file under seal Exhibit D of the Declaration, which is the PowerPoint presentation.  Galway does not seek to file under seal any other part of its Motion to Dismiss or accompanying documents.  This approach is narrowly tailored to protect KSFB's claim that Exhibit D contains commercially sensitive, confidential and/or trade secret information.

We thank the Court for its consideration of this request.


Respectfully submitted,

COZEN O'CONNOR

BY:   JEREMY E. DEUTSCH

JED:ad

---

Application GRANTED.  The need to protect sensitive proprietary information is a countervailing interest that outweighs the presumption of access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) and justifies the sealing of Exhibit D to the Deutsch Declaration, which Defendant filed with the Court under seal by e-mail.  By not later than **Friday, June 28, 2024**, Defendant must file a copy of Exhibit D under seal on the docket by restricting access to the filing to the parties and the Court.

SO ORDERED.

6/24/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE